**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

MICHAEL LEE YOUNG,                                                                                    PETITIONER
ADC #151918

v.                                                    5:14CV00372-JLH-JJV

WENDY KELLEY, Director,
Arkansas Department of Correction[1]                                                       RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.          Why the record made before the Magistrate Judge is inadequate.

---

[1]The Petition named Ray Hobbs as the Respondent.  Mr. Hobbs retired on October 31, 2014, and was replaced by Larry Norris as Interim Director.  Wendy Kelley was appointed as Director on January 13, 2015.  Pursuant to Federal Rule of Civil Procedure 25(d), Ms. Kelley is automatically substituted as the Respondent in place of Mr. Hobbs.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

## I.     BACKGROUND

After being arrested for raping his two daughters in June 2011, Petitioner Michael Young entered a negotiated plea of nolo contendere to two counts of sexual assault in the second degree on March 7, 2012.  (Doc. No. 13-1.)  The Circuit Court of Lonoke County sentenced Mr. Young to an aggregate 300 months in the Arkansas Department of Correction with 180 months suspended.  (*Id.*)

On February 12, 2013, Mr. Young filed a Petition for Writ of Error Coram Nobis with the Lonoke County Circuit Court.  (Doc. No. 13-2.)  It was denied on February 26, 2013.  (Doc. No. 2 at 18.)  Although Mr. Young filed a notice of appeal on March 22, 2013, he failed to submit the record within ninety days and the Arkansas Supreme Court declined to lodge the appeal.[2]  (Doc. No.

---

[2]The Court acknowledges that the Arkansas Supreme Court Clerk received the appellate record only one day late, but as the letter from the Criminal Justice Coordinator explains to Mr. Young, the appellate procedure requires the record be tendered "within ninety days of the date of the notice of appeal." (Doc. No. 13-5.)

13-5.)  Over a year later, on October 14, 2014,  Mr. Young filed the current Petition along with a Brief in Support. (Doc. Nos. 1, 2.)

He asks the Court to grant habeas corpus relief based upon these two grounds: (1) he was coerced into his guilty plea; and (2) the prosecution withheld material evidence. (*Id.*) He supplemented his Petition on November 20, 2014, and bolstered his argument that he is actually innocent.  (Doc. No. 12.)  He stated that he never received a copy of the victims' sexual abuse exam forms until after he had pleaded nolo contendere.  (Doc. No. 2.)   The Response was filed on December 22, 2014, and asked that the Petition be denied without a hearing because it is time-barred. After this Court ordered the Respondent to supplement its response, an additional Response was filed on April 3, 2015. (Doc. No. 15.) The Response included the medical form from the older victim's sexual abuse exam (Doc. No.  15-2) and her statement to a child advocate.  (Doc. No. 15-3.) The Court has carefully considered the pleadings in this matter and the applicable laws.  For the following reasons, the Court finds the Petition is time-barred and should be dismissed.

## II.    ANALYSIS

### A.    Statute of Limitations

Respondent argues that Mr. Young's Petition is untimely based upon the one-year period of limitation imposed by Antiterrorism and Effective Death Penalty Act (AEDPA).  (Doc. Nos. 13, 15.)  Title 28 U.S.C. §§ 2241 (d)(1) and (2) impose a one-year period of limitation on petitions for writ of habeas corpus:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1)-(2).

The one-year limitations period began to run on the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  Mr. Young pleaded nolo contendere, and, therefore, had no right to appeal his conviction. *See* Ark. R. App. P. -- Crim.1(a) (no right to direct appeal from an unconditional guilty plea).  The judgment became final on April 6, 2012, thirty days after the entry of Lonoke County Circuit Court's sentencing order.[3]

Mr. Young filed a petition for writ of *error coram nobis* on February 12, 2013, which was denied on February 26, 2013.  This tolled the AEDPA statute of limitations for fourteen days. Therefore, Mr. Young had until April 20, 2013, to file a timely federal habeas petition.  Mr. Young filed his Petition on October 14, 2014 - a full year and a half past the AEDPA statute of limitations. Even giving Mr. Young the benefit of the doubt and tolling the statute during the failed appeal to

---

[3]Respondent states the limitations period should begin on March 7, 2012. (Doc. No. 13). However, the Eighth Circuit recently ruled in *Manuel Enrique Camacho v. Ray Hobbs*, 774 F. 3d 931, 935 (8th Cir.2015), that, when an Arkansas petitioner pleads guilty, the judgment becomes final thirty days after the entry of the judgment, on the state court's expiration date for filing a direct appeal.

the Arkansas Supreme Court does not save him.  Mr. Young's Petition would still be over a year late. Furthermore, Mr. Young does not argue equitable tolling, and only offers the excuse that he did not have access to an updated law library.  Therefore, the Court finds the Petition is time-barred.

### B.    Actual Innocence

Mr. Young says he is "totally innocent." (Doc. No. 2 at 26.)  However, to establish a claim of actual innocence, the petitioner must show factual innocence, not simply legal insufficiency of the evidence to support a conviction. *McNeal v. United States*, 249 F.3d 747, 749 (8th Cir. 2001). In *McQuiggin v. Perkins*, 569 U.S. ___, 133 S.Ct. 1924 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or expiration of the AEDPA statute of limitations." *Id.*  See also *Kidd v. Norman*, 651 F.3d 947, 951-52 (8th Cir. 2011).  Furthermore, to raise a claim of actual innocence, a petitioner must establish (1) new and reliable evidence that was not presented to the state courts, and (2) that in light of the new evidence, it is more likely than not that no reasonable juror would have convicted him.  *See Weeks v. Bowersox*, 119 F.3d 1342, 1351 (8th Cir. 1997).

But Mr. Young is unable to sufficiently prove actual innocence in this post-conviction context.  He provided the Court with both victims' suspected child sexual abuse/assault medical records from Arkansas Children's Hospital as proof of his innocence. (Doc. No 2 at 48-59.) Although the form states that physical/laboratory findings of sexual abuse/assault are indeterminate for one victim and absent for the other (*Id.* at 52, 58), the Respondent filed the UAMS Arkansas Children's House suspected child sexual abuse/assault form.  (Doc. No. 15-2.)  In the report, the examiner notes that "fondling and digital penetration may not leave any physical findings."  (*Id.* at 5.)  Respondent additionally filed the transcript of the older victim's statement to the child advocate at Wade Knox Children's Advocacy Center.  (Doc. No. 15-3.)  In the interview, the twelve-year-old

victim stated that her father pulled down her pants and messed with "it." (*Id.* at 7.) When the interviewer asked the victim to point to the area where her father was "messing" on a diagram of a girl's body, the victim pointed to the genital area of the diagram. (*Id.*) Clearly, with this evidence, a reasonable juror could have convicted Mr. Young. Accordingly, Mr. Young's claim of actual innocence does not excuse the untimeliness of his Petition, and therefore, the Petition should be dismissed.

## III.  CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006).

In this case, the Petition is clearly time-barred. Therefore, no certificate of appealability should be issued.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.      The  Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED and the requested relief be DENIED.

2.      A certificate of appealability should not be issued.

DATED this 14th day of April, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE